UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC MUNGIA,<br><br>             Plaintiff,<br><br>      v.<br><br>SHERIFF'S DEPARTMENT, et al.,<br><br>             Defendants. | No. 2:21-cv-1641 JAM KJN P<br><br>ORDER |

      Plaintiff, a county jail inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff raises two claims.  First, he alleges he was denied the right to make a phone call to his attorney.  Second, he alleges that defendant Officer Kanemoto singles plaintiff out for cell searches every week, took plaintiff's bowl he purchased from the canteen, and complains that guards do not change their gloves between mods.

Discussion

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

    Denied Phone Call

Pretrial detainees retain a right protected by the First Amendment "to communicate with persons outside prison walls."  Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002).  Use of a telephone is but one means of exercising this right.  See id.  This right may be restricted if the limitation is "reasonably related to legitimate penological interests."  Id. (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).  Although plaintiff indicates that he was not allowed to call his attorney on one occasion, plaintiff did not allege that he lacked other means of communicating with the attorney, for example, by writing a letter or by the attorney visiting plaintiff.  Plaintiff does not state that he was unable to call the attorney later, or the next day.  Therefore, claim one

of the complaint fails to state a First Amendment claim.

Plaintiff does have a fundamental constitutional right of meaningful access to the courts. See Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011), overruled on other grounds by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015); Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1990) ("The opportunity to communicate privately with an attorney is an important part of that meaningful access."). However, "[t]o establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury." Nev. Dep't of Corrs. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011). Actual injury is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. (quoting Lewis v. Casey, 518 U.S. 343, 349 (1996)). In order to establish actual injury, the inmate must show that some official misconduct hindered his efforts to pursue a nonfrivolous legal claim. See Lewis, 518 U.S. at 351, 353 & n.3. Moreover, the right is limited to "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356; see also Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1159-60 (9th Cir. 2003).

Here, plaintiff claims he needed to make a very important call regarding his case and his attorney was expecting his call, but plaintiff did not indicate the nature of his case, or how this one denial of communication with his lawyer prejudiced him. (ECF No. 1 at 3.) Moreover, plaintiff includes no facts demonstrating he sustained an actual injury from this one-time deprivation. Accordingly, plaintiff fails to state a claim based on deprivation of access to the courts.

Harassment

Plaintiff's claim that defendant Kanemoto is harassing plaintiff by conducting weekly cell searches fails to state a constitutional claim. Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975)

4

1  (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene
2  name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980)
3  (mere verbal abuse by prison officials does not state claim under § 1983).  Nor are allegations of
4  mere threats cognizable.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does
5  not constitute constitutional wrong, nor do allegations that naked threat was for purpose of
6  denying access to courts compel contrary result).

7        Plaintiff claims that defendant Kanemoto singles plaintiff out for weekly cell searches, but
8  plaintiff does not explain why he believes the officer is singling plaintiff out.  For example, he
9  does not indicate how frequently other inmates' cells are searched.  In addition, cell searches are
10 performed frequently and randomly for security reasons.  Plaintiff alleges that defendant
11 Kanemoto took plaintiff's bowl purchased from the canteen, but plaintiff provides no facts
12 surrounding the confiscation of the bowl that would suggest Kanemoto was acting with an
13 improper motive.

14       Finally, plaintiff claims that officers fail to change their gloves between mods, which he
15 contends poses a COVID-19 risk.  However, the Center for Disease Control and Prevention
16 stated:

17
18   > [t]he principal mode by which people are infected with SARS-CoV-2 (the virus that causes COVID-19) is through exposure to respiratory droplets carrying infectious virus.  It is possible for people to be infected through contact with contaminated surfaces or objects . . ., but the risk is generally considered to be low.
19

20 "SARS-CoV-2 and Surface (Fomite) Transmission for Indoor Community Environments,"
21 Centers for Disease Control and Prevention, (Apr. 5. 2021), accessed January 15, 2022 <
22 https://www.cdc.gov/coronavirus/2019-ncov/more/science-and-research/surface-
23 transmission.html>.  While the officers' failure to change their gloves is concerning, plaintiff's
24 allegation fails to state a cognizable civil rights claim.

25       For all of the above reasons, plaintiff's complaint must be dismissed.  The court, however,
26 grants leave to file an amended complaint.

27       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
28 about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

5

1   West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how
2   each named defendant is involved.  Rizzo, 423 U.S. at 371.  There can be no liability under 42
3   U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions
4   and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th
5   Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights
6   violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
8   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
9   complaint be complete in itself without reference to any prior pleading.  This requirement exists
10  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez
11  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint
12  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation
13  omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any
14  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim
15  and the involvement of each defendant must be sufficiently alleged.

16      In accordance with the above, IT IS HEREBY ORDERED that:
17      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
18      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
19  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
20  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
21  Sheriff of Solano County filed concurrently herewith.
22      3.  Plaintiff's complaint is dismissed.
23      4.  Within thirty days from the date of this order, plaintiff shall complete the attached
24
25  Notice of Amendment and submit the following documents to the court:
26      a.  The completed Notice of Amendment; and
27      b.  An original of the Amended Complaint.
28  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

1  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
2  also bear the docket number assigned to this case and must be labeled "Amended Complaint."
3        Failure to file an amended complaint in accordance with this order may result in the
4  dismissal of this action.
5  Dated:  January 19, 2022

7  /mung1641.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ISAAC MUNGIA, | No. 2:21-cv-1641 JAM KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

   Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____      Amended Complaint

                              _____
                              Plaintiff

1